**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CHRISTOPHER BRYANT STEWART,

        Plaintiff,

    v.

EDWINA JOHNSON, et al.,

        Defendants.

CIVIL ACTION NO.: 5:18-cv-37

**O R D E R**

    This matter is before the Court on Defendants' Motion in Limine, doc. 89, Defendants' Objections to Plaintiff's Proposed Exhibit List, doc. 90, and Plaintiff's Motion in Limine and Exhibit Objections, doc. 91.  The Court held a hearing on these Motions on July 14, 2021, which was continued on July 15, 2021, where Plaintiff's and Defendants' counsel appeared and provided argument on the pending Motions.[1]  For the reasons discussed below, the Court **OVERRULES in part** and **SUSTAINS in part** Defendants' Objections, doc. 90, **GRANTS in part** and **DENIES in part** Defendants' Motion in Limine, doc. 89, and **GRANTS in part**, **DENIES in part**, **OVERRULES in part**, and **SUSTAINS in part** Plaintiff's Motion in Limine and Exhibit Objections, doc. 91.

---

[1]     The parties did not provide written Responses to the respective Motions.  Instead, the parties responded solely through oral argument at the hearing held on July 14 and 15.

A summary of the Court's rulings on disputed issues are as follows.

**Defendants' Challenges to Plaintiff's Exhibits and Evidence**

1.  Plaintiff's Exhibit P5, Ware State Logbook is excluded, except for the page identified by Bates number CBS 0025;

2.  Plaintiff's Exhibits P9–13 and P26–41 are not excluded and may be introduced at trial subject to other applicable rules and law;

3.  Plaintiff is prohibited from introducing evidence or argument about claims alleged in this action against former Defendants who were either dismissed or resolved in summary judgment; and

4.  Plaintiff is prohibited from testifying or offering evidence of PTSD as a diagnosed medical condition from which he suffers.

**Plaintiff's Challenges to Defendants' Exhibits and Evidence**

1.  Defendants are prohibited from introducing evidence or argument about claims alleged in this action against former Defendants who were either dismissed or resolved in summary judgment;

2.  Defendants may offer evidence and argument regarding the nature, number, and dates of Plaintiff's prior 2012 convictions but may not offer evidence and argument concerning the details of those convictions;

3.  Defendants may not present evidence or argument on Plaintiff's grievance history, including the fact he is a frequent filer of grievances;

4.  Defendants may not offer evidence or argument about Plaintiff's litigation history;

5.  Defendants are prohibited from introducing evidence or argument a judgment would constitute a "windfall" or "lottery ticket" for Plaintiff or a financial hardship for Defendants or about Plaintiff's fee arrangement with counsel; and

6.  Defendants' Exhibits D5 and 6 are excluded for the truth of the matter asserted and may only be introduced in their redacted form.

## ANALYSIS

As a preliminary matter, motions in limine typically present pretrial issues of

admissibility of evidence that are likely to arise at trial. A motion in limine should give the trial

judge notice of the movant's position so as to avoid the introduction of damaging evidence,

which may irretrievably affect the fairness of the trial.  Motions in limine that merely ask the Court to apply the law or the Federal Rules of Evidence are disfavored.  Such general concerns about the admissibility of evidence and propriety of argument should be raised as the issues come up at trial.

A court has the power to exclude evidence in limine when evidence is clearly inadmissible on all potential grounds and for any purpose.  Luce v. United States, 469 U.S. 38, 41 (1984) (noting federal district courts have authority to make in limine rulings pursuant to their authority to manage trials).  If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.  Id.  Therefore, denial of a motion in limine does not mean the disputed evidence will necessarily be admitted at trial.  Instead, denial means the Court cannot determine whether the evidence in question should be excluded outside the trial context.  The presiding trial judge will consider objections on individual issues related to evidence and argument as those issues arise at trial, even though the issue may fall within the scope of a denied motion in limine.

## I.    Defendants' Objections to Plaintiff's Proposed Exhibit List, Doc. 90

Defendants object to 35 of 41 of Plaintiff's proposed exhibits.  Doc. 90-1.  For the reasons explained below, the Court **OVERRULES in part** and **SUSTAINS in part** Defendants' Objections.

A number of these Objections were resolved by either Plaintiff withdrawing the exhibit or Defendants withdrawing the Objection at the Court's hearing on the matter.  Plaintiff withdrew exhibits: P2 and P4, the CVs of Dr. Espinosa and Dr. Thomas, respectively; P18, Ware State Prison Non-party Grievances; P14–16, Grievances from Plaintiff; and P19, Inmate Housing

Logs.[2]  Because Plaintiff has withdrawn then exhibits, Defendants' Objections to exhibits P2, P4, P14–16, P18, and P19 are **OVERRULED as moot**.

At the hearing, Defendants withdrew its Objections to: P3, Medical Records; P7 Grievance Package 217910;[3] P17, Find an Offender Inmate Description for Jason O'Neil Bryant; P20, Disciplinary Reports; P24, Gauldin STG Verification; and P25, Madaris STG Verification. Accordingly, the Court need not address Defendants' Objections to P3, P17, P20, P24, and P25.

Remaining before the Court are Defendants' Objections to: P5, Ware State Prison Logbook; P6–Georgia Department of Corrections' ("GDOC") Policies; P9–13, Grievances filed by Plaintiff; and P26–41, Defendants' responses to Plaintiff's discovery requests.

### A.    P5–Ware State Prison Logbook

Defendants object to P5 identified as a Ware State Prison ("WSP") Logbook.  Defendants object to the Logbook, except for the page identified by Bates number CBS 0025, based on relevancy, hearsay, Rule 403, and Rule 404.  At the hearing, Plaintiff explained he intended to use a physical copy of the complete Logbook, which has now been reduced to a set of photocopied pages rather than a physical book, as an exhibit at trial ostensibly for demonstrative effect.  However, Plaintiff articulated no relevancy for the complete Logbook, as opposed to just the page identified by Bates number CBS 0025.

Given that the Logbook is no longer in the form of an actual book and is just a set of photocopied pages, its relevancy and usefulness at trial is greatly diminished.  Accordingly, the

---

[2]    P19 is a housing log of numerous inmates at WSP.  Plaintiff agreed to withdraw P19, but in exchange, the parties will stipulate to the prison housing assignments of relevant inmates reflected in this exhibit.

[3]    Between the pretrial conference and the July 14 and 15 hearing, the parties conferred regarding P7.  Following that conferral, Plaintiff confirmed P7 is a 5-page document, starting with Bates number CBS0235 and ending with a handwritten page with the date "4/12/16" at the top.  With that clarification, Defendants withdrew any objection previously asserted regarding P7.

Court **SUSTAINS** Defendants' Objection to P5.  Plaintiff is prohibited from using the Logbook except for the page identified by Bates number CBS 0025.

### B.    P6–Georgia Department of Corrections' ("GDOC") Policies

Defendants initially objected to Plaintiff's exhibit P6, which included GDOC policies on grievances.  At the hearing, Defendants withdrew their Objection, with one caveat.  At the hearing, the parties agreed if GDOC's grievance policies are to come in, the jury should be provided with a limiting instruction.  Specifically, the parties agreed the jury should be advised a violation of the grievance policy alone does not necessarily mean Plaintiff's constitutional rights were violated or Defendants were deliberately indifferent to Plaintiff; however, evidence of a policy violation may be evidence of deliberate indifference.[4]

### C.    P9–13 Grievances

Defendants objected to P9–13, which are all grievances Plaintiff filed while incarcerated at WSP.  Defendants initially objected on relevancy, hearsay, Rule 403, and Rule 404, but at the hearing did not argue hearsay.

Plaintiff addressed Defendants' Objections to relevancy and Rule 403, explaining grievances P9–13 fall into two distinct categories, each with their own relevancy.  First, P9, 10, and 13 all involve whether Defendants were on notice about a risk to Plaintiff's safety.  Both P9 and P13 were filed before the second assault on April 25, 2016.  Though P10 was filed after the second assault, it includes a statement relating to whether Defendant Johnson had seen Plaintiff's earlier grievances.  Thus, these grievances—P9, 10, and 13—are relevant and probative of issues at trial.  Defendants did not articulate any specific prejudice arising from admission of these

---

[4]    The parties indicated this guidance would best be provided in their jury charges and they would provide language for the presiding judge's review in their joint jury charges.

exhibits at trial, nor did Defendants explain how P9, 10, and 13 constitute evidence of prior bad acts under Rule 404.

Plaintiff also explained the relevance of P 11 and P12, which are both grievances filed after the alleged assaults on April 20 and 25, 2016.  Plaintiff explains those grievances may be used to show evidence of intent, lack of mistake, and Defendants' state of mind, which all go to the subjective element in a deliberate indifference claim.  Thus, Plaintiff articulated relevancy for exhibits P11 and 12.  Finally, Defendants failed to show this relevant evidence's probative value was substantially outweighed by prejudice.

Accordingly, the Court **OVERRULES** Defendants' Objections to P9 through 13. Exhibits P9 through 13 may be introduced a trial subject to other applicable law and Rules.[5]

### D.     P26–41 Defendants' Responses to Plaintiff's Discovery Requests

Defendants object to exhibits P26 though 41, which are all discovery responses, either in the form of responses to requests for production or interrogatory responses.  Defendants' challenge to these exhibits is as not relevant, hearsay, and under Rules 403 and 404.  At the hearing, Plaintiff explained these exhibits were relevant primarily as impeachment evidence and also to authenticate documents produced by Defendants.  Further, Defendants failed to explain which parts of the exhibits constituted hearsay, the prejudicial nature of these exhibits, or how they constituted evidence of prior bad acts.  Thus, Defendants failed to show P26 through 41 were clearly inadmissible on all grounds.

Accordingly, the Court **OVERRULES** Defendants' objections to P26–41, and these exhibits may be introduced a trial subject to other applicable law and Rules.

---

[5]     As explained during the July 14 and 15 hearing, objections to trial exhibits will typically only be sustained where the objecting party demonstrates disputed evidence is clearly inadmissible on all potential grounds.  Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)).

II.     **Defendants' Motion in Limine, Doc. 89**

In their Motion in Limine, Defendants seek seven rulings.  Doc. 89.  For the reasons

discussed below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion in

Limine.

A.      **Evidence Regarding Other Claims and Other Parties**

Defendants request a ruling barring Plaintiff from referencing claims Plaintiff voluntarily

dismissed or the Court granted summary judgment for Defendants.  Doc. 89-1 at 1–2.  Plaintiff

does not oppose Defendants' request.  Additionally, in Plaintiff's Motion in Limine, he requests

the Court to prohibit Defendants from referencing parties which have been dismissed, i.e.,

former Defendants Adams, Burse, Bagley, and Payne.  Doc. 91 at 7.

The parties agree references to claims against former Defendants who have now been

dismissed or otherwise resolved should be excluded.  Accordingly, the Court **GRANTS as**

**unopposed** this portion of Defendants' Motion.  However, the parties are not barred in any way

from referencing these former Defendants as individuals in a factual context.

Additionally, Defendants request the Court prohibit Plaintiff from introducing evidence

from grievances other than Grievance Number 217920, including grievances filed by other

inmates.  Doc. 89-1 at 2.  The Court has addressed the grievance issue in resolving Defendants'

Objections to Plaintiff's Exhibit List.  Accordingly, the Court **DENIES** this portion of

Defendants' Motion in Limine.

B.      **"Other Act" Evidence—Defendants and Non-Defendant Correctional**
        **Officers**

Defendants move the Court to exclude evidence and testimony which demonstrate a

propensity by Defendants or non-Defendant correctional officers to act with deliberate

indifference to Plaintiff or other inmates.  Doc. 89-1 at 3–9.  Defendants contend Rule 404

prohibits such evidence.  Plaintiff does not oppose this portion of Defendants' Motion in Limine.  However, Defendants did not articulate a specific concern about any particular piece of evidence Plaintiff would proffer.  Instead, Defendants appear to only seek an application of Rule 404 to any such evidence or testimony Plaintiff may provide.

Accordingly, the Court **DENIES** this portion of Defendants' Motion in Limine.  The Federal Rules of Evidence apply at trial.  An order simply asking for an application of the Rules, without specific concerns or dispute before the Court, is unhelpful in guiding the litigants or the trial judge, and such motions are not favored.[6]

### C.    Georgia Department of Corrections or State of Georgia Action or Policy

Defendants argue the State of Georgia and the Georgia DOC are not parties to the suit and evidence and argument concerning unrelated incidents within the Georgia DOC or the state are irrelevant and should be excluded.  Doc. 89-1 at 9–10.  Defendants have not identified a specific concern; instead, they are simple seeking an application of Federal Rule 401.  Accordingly, this portion of Defendants' Motion is **DENIED**.

Additionally, Defendants seek to prohibit Plaintiff from testifying or introducing evidence Defendants or other correctional officers violated GDOC policies or procedures because it is irrelevant.  Id. at 10.  As explained above, Defendants withdrew their Objections to Plaintiff introducing the GDOC grievance policies.  Thus, this portion of Defendants' Motion in Limine falls away and is **DENIED**.

---

[6]    In this portion of Defendants' Motion, they again seek to prohibit Plaintiff from introducing his other grievances, unrelated to his claim for deliberate indifference, and Defendants' analysis of all grievances submitted by all inmates at Ware State Prison, which was produced during discovery.  Doc. 9-1 at 3.  Grievances are dealt with when addressing Defendants' Objections, and, thus, this portion of Defendants' Motion in Limine is **DENIED**.

### E.      Hearsay Statements

Defendants seek a ruling prohibiting Plaintiff from offering "witness statements" and Defendants' and non-parties' discovery requests and responses that constitute hearsay.  Doc. 89-1 at 11.  Defendants explain the witness statement at issue arose because of evidence Plaintiff relied on in summary judgment briefing—specifically, the declaration of Eric Haynes, doc. 42-8.  However, Plaintiff intends for Haynes to testify at trial and did not include his declaration on his exhibit list.  Defendants failed to point to any other potential "witness statement" that might be addressed in this portion of their Motion.  Accordingly, this portion of Defendants' Motion, seeking to exclude hearsay in witness statements, is **DENIED as moot**.

Additionally, Defendants request to exclude hearsay from Defendants and non-parties' discovery responses is **DENIED** at this time.  Defendants failed to provide the Court with these exhibits and have not established they contain hearsay.  Defendants merely ask the Court to apply the Rules of Evidence at trial.  Defendants remain free to object at trial to any hearsay statements at trial.

### F.      Plaintiff's Alleged Post Traumatic Stress Disorder ("PTSD")

Defendants argue Plaintiff should not be permitted to present medical evidence or testimony on his alleged PTSD because he does not have required expert testimony establishing causation.  Doc. 89-1 at 11.  Plaintiff does not oppose Defendants' Motion and acknowledges he cannot testify he has been diagnosed with PTSD.

Accordingly, the Court **GRANTS as unopposed** this portion of Defendants' Motion in Limine.  Plaintiff is prohibited from testifying or offering evidence of medical diagnosis or mentioning PTSD as a medical condition.  However, nothing in this Order should be read to

exclude Plaintiff from testifying on symptoms or experiences he claims to have experienced firsthand—such as nightmares—at trial, subject to other applicable Rules and law.

### G.     Insurance Coverage

Defendants seek to exclude evidence they are insured against liability.  Doc. 89-1 at 12. Plaintiff does not oppose Defendants' request.  However, Defendants request nothing more than an application of the Federal Rule of Evidence 411.  Accordingly, the Court **DENIES** this portion of Defendants' Motion in Limine.

## III.    Plaintiff's Motion in Limine, Doc. 91

In Plaintiff's Motion in Limine, he seeks seven rulings.  Doc. 91.  For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

### A.     Dr. Yan

Plaintiff requests the Court limit Dr. Jiong Yan's testimony.  Doc. 91.  However, the Court has excluded Dr. Yan in its ruling on Plaintiff's Daubert motion.  Doc. 96.  Accordingly, this portion of Plaintiff's Motion in Limine is **DENIED as moot**.

### B.     Plaintiff's Prior Arrests and Convictions

Plaintiff asks the Court to exclude references to his arrests, convictions, or incarcerations other than the fact Plaintiff is a convicted felon.  Doc. 91 at 2.  Plaintiff asserts his 2012 convictions for voluntary manslaughter and aggravated assault are substantially more prejudicial than probative.  Plaintiff argues evidence of his convictions should be excluded under Rule 403, especially because voluntary manslaughter and aggravated assault are not crimes of falsehood, limiting their probative value while remaining highly prejudicial.  Id. at 2–4.

Defendants oppose this portion of Plaintiff's Motion in Limine.  Defendants argue Rule 609 allows them to introduce evidence of Plaintiff's prior convictions, and, thus, should be

allowed to inform the jury Plaintiff was convicted of voluntary manslaughter and aggravated assault.

This dispute is narrower than it might first appear.  Plaintiff does not seek exclusion of all references to his convictions at trial.  Rather, Plaintiff agrees to stipulate he is a convicted felon and that evidence and argument about this stipulated fact can be presented to the jury.  However, Plaintiff asks the Court to preclude Defendants from offering any evidence or argument about the nature, number, or details of those convictions.  Defendants, on the other hand, state they have no intention offering evidence or argument about the details of Plaintiff's previous convictions.  Defendants' counsel anticipates asking Plaintiff a couple questions during cross-examination in order to illicit testimony about the nature and number of his 2012 convictions.[7]  Thus, the parties agree the existence of Plaintiff's previous convictions is a proper topic at trial, while the details of those convictions should not be explored, but the parties disagree about whether evidence and argument should be offered concerning the nature and number of Plaintiff's convictions.

Evidence of prior felony convictions is generally admissible to attack the credibility of a witness at trial.  Fed. R. Evid. 609(a).[8]  "The implicit assumption of Rule 609 is that prior felony convictions have probative value" in assessing a witness' credibility.  United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998).  Prior convictions' "probative value . . . necessarily varies

---

[7]     Plaintiff explains in his brief, and it is undisputed, he was originally charged with murder, felony murder, and aggravated assault arising from an incident in September 2011.  Ultimately, Plaintiff entered into a plea agreement that resulted in him pleading guilty to, and being convicted of, voluntary manslaughter and aggravated assault, separately.  Plaintiff seeks to exclude evidence of the original murder and felony murder charges, for which he was not convicted.  Defendants agree the only relevant charges are voluntary manslaughter and aggravated assault—the charges for which Plaintiff was convicted.

[8]     Plaintiff's 2012 convictions plainly fall within Rule 609(a) and not Rule 609(b).  Plaintiff was convicted of voluntary manslaughter and aggravated assault on October 12, 2012, and both charges resulted from the same events which occurred in September 2011.  Because Plaintiff was convicted of a felony less than 10 years ago and he is still serving a sentence on those convictions, the admissibility of evidence concerning those convictions falls under Rule 609(a).

with their nature and number." Id. (citation omitted). Under the plain language of Rule 609(a)(1), evidence of prior felony convictions must be admitted in a civil case, subject to Rule 403. Under Rule 403, the Court may exclude relevant evidence at trial "if its probative value is substantially outweighed by danger of . . . unfair prejudice." Rule 403.

In Burston, the Eleventh Circuit observed it is presumed prior convictions are relevant to the issue of credibility under Rule 609 (and that appears undisputed here); therefore, the Court proceeds to the Rule 403 analysis as to the nature and number of Plaintiff's prior convictions. The burden is on the plaintiff to show relevant, probative evidence should be excluded under Rule 403. Doye v. Colvin, No. CV408-174, 2012 WL 1255233, at *2 (S.D. Ga. Apr. 13, 2012) (citing 28 Charles A. Wright & Victor J. Gold, Federal Practice & Procedure § 6134 (3d ed. 1993)).

The Court first addresses probative value. Plaintiff, in his brief, argues in conclusory fashion his "original charge for murder and subsequent conviction for voluntary manslaughter and aggravated assault are not probative of Plaintiff's lack of credibility." Doc. 91 at 5. Plaintiff does not address probative value further. At the hearing, Defendants' counsel argued generally the nature of Plaintiff's convictions would assist the jury in assessing Plaintiff's credibility, and, thus, evidence and argument on the nature and number of convictions is probative. Ultimately, neither party offers much for the Court to consider in terms of the probative value of the nature and number of Plaintiff's previous convictions, aside from generalized arguments about relevancy to credibility.

As an initial matter, the Eleventh Circuit has repeatedly recognized the "implicit assumption" prior felony convictions have probative value as to impeachment of a witness' credibility. Knight through Kerr v. Miami-Dade County, 856 F.3d 795, 817 (11th Cir. 2017);

United States v. Fernandez-Leyva, 482 F. App'x 417, 421 (11th Cir. 2012); Burston, 159 F.3d at 1335 (11th Cir. 1998). However, the probative value of that evidence varies with the nature and number of the prior convictions, and, typically, a district court should admit evidence of the nature and number of witness' prior felony convictions. Fernandez-Leyva, 482 F. App'x 417, 421 ("In Burston, we held that 'Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions.'"); Burston, 159 F.3d at 1335 ("We therefore conclude that Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions.").

Courts have observed certain types of prior convictions—namely, those involving crimes of dishonesty—carry greater probative value than other convictions. See, e.g., United States v. Cathey, 591 F.2d 268, 276 (5th Cir. 1979) ("Crimes involving dishonesty or false statement are often more probative of the witness's lack of credibility than even more serious crimes involving violence."). Conversely, courts have recognized violent crimes and sex crimes may have less probative value in terms of the witness' credibility. See, e.g., Green v. Croft, 347 F. Supp. 3d 1156, 1161 (S.D. Fla. 2018) (concluding witness' prior convictions for battery and resistance were probative of credibility, but probative value was low since they are not crimes of dishonesty); McCorvey v. Ala. River Cellulose, LLC, CIV No. 13-0118, 2014 WL 5528219, at *2 (S.D. Ala. Nov. 3, 2014). Courts have also recognized, where the witness' testimony and credibility are likely to be central or paramount at trial, prior felony convictions are likely to have increased probative value, given that the jury will necessarily need to assess the witness' credibility. See, e.g., Brantley v. Perryman, No. 2:02-cv-1425, 2006 WL 2786880, at *1 (M.D. Ala. Sept. 27, 2006) ("[C]redibility [in this case] is paramount, and the jury should be presented with the information necessary to assess the credibility of the witnesses, including the specifics

of the Plaintiff's felony convictions.").  In assessing probative value of prior convictions, courts

have also considered the nearness or remoteness of the prior crime, the length of the witness'

criminal career, and the witness' age and circumstances at the time of the commission of the

offense, among other things.  See, e.g., Veals v. Edison Chouest Offshore, LLC, No. CV 06-

3776, 2009 WL 10710266, at *9 (E.D. La. Mar. 6, 2009) (describing factors).

Here, the Court starts with the implicit assumption Plaintiff's 2012 convictions have

probative value.  In terms of the nature of those convictions, they do not appear strongly

probative of Plaintiff's credibility.  The convictions are for voluntary manslaughter and

aggravated assault, neither of which—by their nature—involve an overt act of dishonesty.  On

the other hand, the offenses are serious, violent offenses which demonstrate less credibility than

other more minor, non-violent offenses.  Regarding remoteness, the 2012 convictions are

relatively old—approximately 9 years—diminishing their probative value.  Importantly, the

current record demonstrates Plaintiff's testimony and credibility will likely be front-and-center at

trial.  Plaintiff's claims arise from his claims he was being threatened by other inmates with

bodily harm, he notified Defendants about these threats, and Defendants failed to protect

Plaintiff.  Defendants deny, among other things, Plaintiff gave notice to each Defendant of the

threats.  Doc. 82 at 5.  Ultimately, considering all of these factors, I conclude the nature and

number of Plaintiff's prior convictions has moderate probative value as to his credibility.

Now, the Court addresses unfair prejudice.  In his brief, Plaintiff argues "the prejudicial

impact of a conviction for any death-related offense, whether murder or voluntary manslaughter,

outweighs the probative value of any details beyond the fact that Plaintiff is a convicted felon . .

. ."  Doc. 91 at 3.  Thus, Plaintiff argues the very nature of his 2012 convictions creates such

prejudice that evidence and argument of those convictions should be excluded.  Defendants

argued at the hearing any prejudice arising from introduction of this evidence would be minimal, as Defendants intend to only illicit testimony about the nature and number of these convictions and do not intend to explore the details of the 2012 convictions.

In assessing prejudice, the Eleventh Circuit has recognized there is less danger of unfair prejudice arising from the introduction of prior convictions in a civil case, like this one, than there is in a criminal case.  Knight, 856 F.3d at 817.  Plaintiff is correct that courts have treated some types of prior convictions as so prejudicial by their very nature that exclusion is warranted.  However, the cases Plaintiff relies on dealt with prior convictions for rape, sodomy, and sexual abuse of children—crimes that courts have been recognized as some of the most potentially prejudicial.  Doc. 91 at 3–4 (citing Ord., Blash v. Allen, 7:16-CV-190 (M.D. Ga. April 23, 2019), ECF No. 60, pp. 1–3 (excluding prior convictions for rape and sodomy); and Morello v. James, 797 F. Supp. 223, 228 (W.D. N.Y. 1992) (excluding prior convictions for rape, sodomy, and sexual abuse of children)); McCorvey, 2014 WL 5528219, at *2 (noting rape and sexual assault convictions are among the most prejudicial types of information a jury could learn during a civil suit).  Plaintiff's prior convictions are for violent offenses—voluntary manslaughter and aggravated assault—not rape, sexual assault, or child molestation, and, therefore, are less prejudicial.[9]  Indeed, in Burston, the Eleventh Circuit noted the jury should have learned about the nature and number of non-defendant witness' previous convictions, which included convictions for aggravated assault and armed robbery.  Burston, 159 F.3d at 1335.  Aside from the nature of the prior convictions, courts assessing Rule 403 in this context have considered

---

[9]     This is not to say prior convictions for violent offenses are not prejudicial at all, only that they tend to be less prejudicial than sexual assault offenses.  Courts have recognized prior convictions for violent offenses tend to present some degree of danger of unfair prejudice and consider that prejudice in the context of conducting a Rule 403 analysis.  See, e.g., United States v. Brown, No. 07-CR-874, 2009 WL 728448, at *8 (E.D.N.Y. Mar. 10, 2009).

whether confusion is likely to arise due to overlap between evidence of the prior conviction and the facts of the underlying case.  See, e.g., Green, 347 F. Supp. 3d at 1161.

In this case, Plaintiff's prior convictions for aggravated assault and voluntary manslaughter are likely to present some danger of unfair prejudice.  There is some risk the jury might rely on the violent nature of these offenses—particularly, the voluntary manslaughter conviction—for purposes other than assessing Plaintiff's credibility.  However, that risk is modest.  By limiting Defendants' presentation of evidence and argument on these issues to the nature, number, and date of these prior convictions, the risk of unfair prejudice is greatly reduced.  Avoiding exploration of the details of the prior convictions will avoid the risk the jury will place undue emphasis on the prior convictions.  Furthermore, the parties may request limiting instructions regarding these topics, as appropriate.  Finally, the circumstances of the 2012 convictions are completely independent of the facts of this case, eliminating any possible confusion that might arise related to these prior convictions.  Ultimately, it is Plaintiff's burden to demonstrate the probative value of these prior convictions is "substantially outweighed" by danger of unfair prejudice, and Plaintiff has failed to carry that burden.

Because Plaintiff's convictions for voluntary manslaughter and aggravated assault are of moderate probative value in assessing Plaintiff's credibility as a witness and present only modest danger of unfair prejudice, the Court **DENIES** this portion of Plaintiff's Motion in Limine.  Defendants may offer evidence or argument concerning the nature or number of Plaintiff's convictions but shall not present additional details about those convictions.

### C.    Plaintiff's Disciplinary History

Plaintiff moves to exclude evidence related to his disciplinary history as an inmate as irrelevant under Rule 401.  Doc. 91 at 5.  At the hearing, Defendants argued Plaintiff's

disciplinary history is relevant because when trying to notify prison officials about the danger he was in, he made claims about his disciplinary history.  The implication of Defendants' argument is Plaintiff's claims about his disciplinary history may have affected how Defendants subjectively understood his assertions he was in danger.  Defendants' explanation shows potential relevance and meets Rule 401's requirements.  See Fed. R. Evid. 401("Evidence is relevant if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence.").

The Court cannot say the evidence is clearly inadmissible and should be excluded prior to trial.  Stewart v. Hooters of Am., Inc., No. 8:04-CV-40, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (citing Luce, 469 U.S. at 41).  Accordingly, this portion of Plaintiff's Motion in Limine is **DENIED**.  Evidence of Plaintiff's prior disciplinary history is not excluded at this time.  However, Plaintiff may re-raise relevance objections at trial.

### D.    Plaintiff's Grievance History

Plaintiff argues his grievance history, other than the grievances he identified on his exhibit list, is irrelevant under Rule 401 and should be excluded.  Doc. 91 at 5.  Further, Plaintiff contends to the extent his grievance history has any probative value, it is substantially outweighed by its prejudicial impact and should be excluded under Rule 403.  Id.  Plaintiff clarified at the hearing he only seeks to exclude his grievances and grievance history which are wholly unrelated to the facts of the case.

Defendants oppose Plaintiff's request.  Defendants argue, should Plaintiff be permitted to introduce grievances unrelated to notice, they should be allowed to cross-exam Plaintiff on his grievance history, specifically that he is a "frequent filer."

Plaintiff has not shown, at this time, his grievance history is clearly inadmissible on all grounds and for all purposes.  Plaintiff's actions related to the prison grievance process figure prominently in the facts of this case.  All parties agree that at least one grievance in this matter is highly relevant to the issue of notice in this matter.  Plaintiff contends other grievances—some of which were filed after the alleged attacks—are also relevant to this dispute.  Therefore, the Court cannot conclude Plaintiff's grievance history must be categorically excluded as clearly admissible on all grounds and for all purposes.  Rather, challenges to the admissibility of such evidence and argument is best left to be resolved at trial, as evidence and argument are introduced.  Accordingly, the Court **DENIES** this portion of Plaintiff's Motion in Limine.

### E.    Plaintiff's Litigation History

Plaintiff argues his litigation history should be excluded under Rule 401 or 403.  Doc. 91 at 6.  Defendants do not oppose Plaintiff's Motion in Limine seeking to exclude his litigation history.  Accordingly, the Court **GRANTS as unopposed** this portion of Plaintiff's Motion in Limine.

### F.    Argument on Amount of Judgment

Plaintiff moves for the Court to prohibit Defendants from arguing judgment would constitute a "windfall" or "lottery ticket" for Plaintiff or a financial hardship for Defendants.  Id. at 6–7.  Additionally, Plaintiff asks the Court to prohibit Defendants from discussing the fee agreement between Plaintiff and his counsel.  Id. at 7.

Defendants do not oppose Plaintiff on this issue.  However, Defendants expressed some concern Plaintiff's request could be read as a limitation on arguing it is Plaintiff's burden of proving damages and Plaintiff failed to meet his burden.

18

The Court does not construe Plaintiff's Motion as seeking to limit Defendants' ability to argue about burdens or whether Plaintiff proved damages.  Instead, Plaintiff seeks to prohibit Defendants from inappropriately characterizing a judgment in his favor, commenting about the effects of a judgment on Defendants, taxes, or insurance, and prohibiting discussion of Plaintiff's fee arrangement with counsel.  Doc. 91 at 6–7.  This type of testimony or argument is not relevant to the issues in the case.  Further, Defendants were clear they do not oppose Plaintiff's request to exclude such argument, evidence, or testimony.

Accordingly, the Court **GRANTS as unopposed** this portion of Plaintiff's Motion in Limine.  To be clear, nothing in this Order should be read to limit Defendants' ability to make arguments about whether Plaintiff met his burden of proof with respect to damages or otherwise.

### G.  Former Defendants

Plaintiff asks the Court to exclude evidence or testimony regarding claims against former Defendants that have been dismissed or resolved on summary judgment.  Doc. 91 at 7–8.  As explained above, this request mirrors Defendants' request.  Accordingly, the Court **GRANTS as unopposed** this portion of Plaintiff's Motion.

## IV.  Plaintiff's Objections to Defendants' Exhibit List

Plaintiff initially objected to eight of Defendants' exhibits.  Doc. 90 at 8.  However, at the hearing, Plaintiff withdrew his challenges to Defendants' exhibits D7, 8, and 9, which are identified as medical records from April 25, 26, and May 5, 2016, respectively.  Accordingly, the Court **OVERRULES as moot** these Objections.

Additionally, Plaintiff's Objections to Defendants' exhibits D1 and 2 are **OVERRULED in part**.  These exhibits are Plaintiff's criminal conviction records.  As explained above, Plaintiff's Motion in Limine seeking to exclude evidence and argument of Plaintiff's prior

criminal convictions has been denied.  Because Defendants may offer evidence and argument about those prior convictions, they may also offer documentary evidence as well.  However, as to Exhibits D1 and D2, those exhibits include charged offenses for which Plaintiff was not convicted.  The portions of the exhibits showing charged, but un-convicted offenses must be redacted.  The parties are directed to confer regarding the scope of appropriate redactions.  If the parties cannot reach agreement on redactions of these exhibits in accordance with the terms of this Order, they should promptly notify the Court of their disagreement and seek resolution.

Finally, Plaintiff's Objection to Defendants exhibit D3, which is a copy of the GDOC Standard Operating Procedure Policy IIB09-002, is due to be overruled.  Plaintiff brought a reciprocal Objection based on Defendants' challenge to Plaintiff's exhibit involving GDOC Standard Operating Procedure.  Doc. 90 at 8.  However, as Defendants withdrew their Objection, Plaintiff's Objection also falls away, and the Court **OVERRULES as moot** Plaintiff's Objections to D3.

Thus, remaining before the Court are Plaintiff's Objections to Defendants' exhibit D5 and 6, which are incident reports from April 20 and 25, 2016.  Plaintiff argues the portion of the incident reports from April 20 and 25, 2016, contain hearsay statements about the altercations between Plaintiff and other inmates.  The April 20, 2016 incident report states Lieutenant Bryson (the correctional officer who prepared the report) was informed about the altercation between Plaintiff and Inmate Gauldin, including that Plaintiff started the altercation by pushing Gauldin.  Doc. 32-3 at 33.  Similarly, the April 25, 2016 incident report provides statements made to the reporting official by those who witnessed the altercation.  Id. at 50.  Plaintiff acknowledges, while the report is generally admissible based on the business records exception to the hearsay rule, these statements within the report, constituting double or triple hearsay, should be excluded.

20

Defendants present two arguments in response.  First, the business records exception applies even to these other levels of hearsay, and, second, the incident reports are not hearsay because they will not be offered for the truth of the matter asserted but instead offered to prove notice (i.e., what Defendants were aware of) and why Plaintiff was moved from one cell dormitory to another.

The April 20, 2016 incident report prepared by Lieutenant Bryson states, "I was informed that [Plaintiff]. . . was involved in a physical altercation and [Plaintiff] was observed pushing I/M Gauldin."  Some unidentified individual provided Lieutenant Bryson with this information. Thus, if this evidence is offered for the truth of the matter asserted, the evidence contains hearsay and Defendants must point to an exception for the document to be admitted.  Similarly, the April 25, 2016 incident report prepared by Sergeant Pratt contains a hearsay statement: "I, Sgt. Pratt, was informed that [Plaintiff and other inmates] had been involved in a physical altercation."  Id. at 47.

Defendants argue the April 20, 2016 incident report should not be excluded as hearsay because they intend to use it for purposes other than the truth of the matter asserted. Specifically, Defendants seek to use the April 20, 2016 incident to show notice, or lack thereof, and why Plaintiff was moved from one dormitory to another.  To the extent Defendants seek to use the April 20, 2016 incident report at trial to demonstrate notice (or lack thereof), they must also demonstrate they were aware of the incident report prior to the April 25, 2016 assault. Similarly, if Defendants intend to rely on the April 20, 2016 incident report to prove why Plaintiff was moved from one dormitory to another, Defendants must first demonstrate the officials who made the decision to move Plaintiff were aware of the incident report prior to ordering the move.  Given the second incident report (the April 25, 2016 report) was created

after the events forming the basis of the suit concluded and after Plaintiff was moved, it cannot

be used to show notice or why Plaintiff was moved to another location.  So, for the April 25,

2016 report to be admissible, it must satisfy one of the hearsay exceptions.[10]

Assuming the two incident reports contain inadmissible hearsay statements, Defendants,

as the proponents of the evidence, would need to demonstrate an exception to the hearsay rule

would apply.  Defendants argue the business records exception applies categorically to all levels

of hearsay in these documents because Lieutenant Bryson and Sergeant Pratt were informed by

other correctional officers, who were also under a duty to report.

Defendants are incorrect, and the business records exception does not apply to these

levels of hearsay categorically.  That is, the hearsay within the report cannot be satisfied by Rule

803(6)'s business record exception.  While an officer's entries from a report containing his own

observations or knowledge may be admitted through the business record exception, statements

made by third persons under no duty to report may not.  United Technologies Corp. v. Mazer,

556 F.3d 1260, 1278 (11th Cir. 2009) (citing United States v. Pazsint, 703 F.2d 420, 424

(9th Cir. 1983) (holding hearsay within a government report inadmissible under Rule 803(6)));

Sheffield v. State Farm Fire & Casualty Co., No. 5:14-cv-38, 2016 WL 1452414, at *5–6 (S.D.

Ga. Apr. 13, 2016) (holding hearsay within a GBI report inadmissible under the business record

exception).  Therefore, "[p]lacing otherwise inadmissible hearsay statements by third-parties into

a government report does not make the statements admissible."  Id. (quoting Commodity Futures

Trading Comm'n v. Wilshire Inv. Mgmt. Corp., 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla.

2005)); Fed. R. Evid. 803, advisory committee notes, 1972 Proposed Rules (discussing a police

---

[10]     Because it is unclear whether Defendants will be able to make the necessary preliminary
showings as to the April 20, 2016 incident report, I address the application of hearsay and hearsay
exceptions as to both reports.

report which contains information obtained from a bystander and explaining officer qualifies as acting in the regular course of business but the bystander does not).

Even assuming Defendants are correct and the business records exception operates to permit double hearsay when the second layer of hearsay is also a statement by someone also under a duty to report, their argument still fails.  Here, the individuals who "informed" Lieutenant Bryson and Sergeant Pratt are not identified, and Defendants provided nothing more than speculation that another correctional officer, as opposed to an inmate-witness, made the reported statements.  Thus, Defendants have failed to show an exception to hearsay applies, as it was their burden to do.  Consequently, the hearsay in the incident reports cannot be admitted through Rule 803(6).

Accordingly, the Court **SUSTAINS** this portion of Plaintiff's Objections.  The April 20, 2016 incident report and April 25, 2016 incident report may not be introduced for the truth of the matter asserted.  To the extent Defendants seek to rely on the April 20, 2016 incident report for some other purpose, they must do so in a redacted form.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES in part** and **SUSTAINS in part** Defendants' Objections, doc. 90, **GRANTS in part** and **DENIES in part** Defendants' Motion in Limine, doc. 89, and **GRANTS in part**, **DENIES in part**, **OVERRULES in part**, and **SUSTAINS in part** Plaintiff's Motion in Limine and Exhibit Objections, doc. 91.

**SO ORDERED**, this 21st day of July, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA