# In the United States District Court for the Southern District of Georgia Waycross Division

CHRISTOPHER BRYAN STEWART,

    Plaintiff,

    v.

EDWINA JOHNSON, et al.,

    Defendants.

CV 5:18-037

**ORDER**

    Before the Court is Plaintiff's motion for leave to take depositions for use at trial and to offer deposition testimony at trial. Dkt. No. 95. Defendants filed a response in opposition contending, *inter alia*, that the motion is untimely and would be prejudicial to Defendants. Dkt. No. 102. For the reasons stated below, Plaintiff's motion is **DENIED**.

    Plaintiff moves to reopen discovery for the limited purpose of deposing Plaintiff's treating physicians, Dr. Diego Espinosa-Jeidmann and Dr. Dilip Thomas (hereinafter "the witnesses"), for use at trial. Dkt. No. 95. In doing so, Plaintiff seeks to use the witnesses' depositions as permitted under Federal Rule of Civil

Procedure 32(a)(4)(B), which states that a party "may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States." Fed. R. Civ. P. 32(a)(4)(B).[1] Plaintiff has not, however, taken the deposition of either witness, nor has he shown good cause as is required to reopen discovery.

Under Federal Rule of Civil Procedure 16(b)(4), Plaintiff must make a viable showing of good cause to justify reopening discovery. See Tiya v. State Farm Fire & Cas. Co., No. 1:14-CV-01314-RGV, 2014 WL 12069849, at *1 (N.D. Ga. Nov. 20, 2014) ("[A] motion to reopen discovery . . . ultimately constitute[s] a modification of the . . . Scheduling Order and is evaluated under Federal Rule of Civil Procedure 16(b).").

Plaintiff has failed to show good cause for discovery to be reopened. The parties represented in their joint pretrial order that discovery was complete on May 5, 2021 and that "all deposition transcripts have been received." Dkt. No. 82 at 3. Plaintiff now moves to reopen discovery two months later to conduct additional expert witness depositions. Dkt. No. 95. Plaintiff's only explanation offered for failing to conduct the witnesses' depositions during the discovery period is that Plaintiff recently

---

[1] Plaintiff submits that both witnesses are located in Augusta, Georgia, which is approximately 174.2 miles from Waycross, Georgia—where the trial is set to take place. Dkt. No. 95 at 1.

2

learned these witnesses are "reluctant to travel to Waycross, Georgia for trial." Dkt. No. 95 at 1. A witness's reluctance to travel does not demonstrate good cause to reopen discovery. This is especially true given that Plaintiff may subpoena these witnesses as Rule 45 permits to compel their attendance. See Fed. R. Civ. P. 45(c)(1)(B)(ii) ("A subpoena may command a person to attend a trial . . . within the state where the person resides . . . if the person . . . is commanded to attend a trial and would not incur substantial expense."). Accordingly, Plaintiff's justification fails to satisfy the good cause standard for reopening discovery.

Moreover, reopening discovery would be prejudicial to Defendants. Prior to the present motion, Plaintiff had not indicated the possibility of his need to conduct additional depositions for use at trial. Indeed, in the joint pretrial order submitted to the Court, the parties agreed that they "d[id] not anticipate using deposition testimony other than for impeachment purposes." Id. at 12. Furthermore, on July 7, 2021, the Court conducted the pretrial conference and gave each party the opportunity to state if any witness would be testifying by way of deposition. Plaintiff acknowledges that, when given the opportunity at the pretrial conference, he did not alert the Court of his intent to offer these witnesses' testimony at trial. Dkt. No. 95 at 1. Plaintiff had ample time to conduct discovery or, in

the alternative, to bring this issue to the Court's attention. Requiring Defendants' counsel to now attend the depositions of two expert witnesses on the eve of trial would be unreasonable and unduly burdensome.[2]

For the reasons stated above, Plaintiff's motion, dkt. no. 95, is **DENIED**.

**SO ORDERED**, this 23rd day of July, 2021.

```
_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```

---

[2] Plaintiff suggests these depositions could be taken on July 28, 2021, which would be less than a week before the trial is set to begin. Dkt. No. 95 at 2.